Per Curiam.

The question presented here is whether the Court of Appeals erred in holding that the judgment of the trial court constituted an abuse of discretion.
The powers and duties of a trial court with reference to granting a new trial on the weight of the evidence are defined in Poske v. Mergl, ante, 70.
A motion for a new trial on the ground that the judgment is not sustained by sufficient evidence imposes upon the trial court a duty to review the evidence and pass upon the credibility of the witnesses and the evidence in general. The action of the court on such motion rests solely within its sound discretion and is not reviewable except on the question of an abuse of that *205 discretion. To establish, an abuse thereof there must be shown, an unreasonable, arbitrary or unconscionable attitude on the part of the court. Since a careful examination of the record in the instant case fails to disclose any unreasonable, arbitrary or unconscionable attitude on the part of the trial court in sustaining the motion for a new trial, there was no abuse of discretion and the Court of Appeals was in error in its judgment of reversal.
The judgment of the Court of Appeals is reversed and that' of the Court of Common Pleas affirmed. Poshe v. Mergl, supra.

Judgment reversed.

Weygandt, C. J., Zimmerman, Tart, Matthias and Herbert, JJ., concur.
Bell and Peck, JJ., not participating.